PROB 12C
(7/93)

Report Date: February 26, 2013

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 27 2013

SEAN F. McAVOY, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Stephan Alexander Goodwin            Case Number: 2:12CR00010-001

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Robert S. Lasnik, Chief U.S. District Judge, Western District of Washington

Name of Supervising Judicial Officer:  The Honorable Fred Van Sickle, Senior U.S. District Judge

Date of Original Sentence:  February 6, 2009

Original Offense:        Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1)

Original Sentence:       Prison - 48 Months;            Type of Supervision: Supervised Release
                         TSR - 36 Months

Asst. U.S. Attorney:     Unassigned                     Date Supervision Commenced: December 23, 2011

Defense Attorney:        Unassigned                     Date Supervision Expires: December 22, 2014

---

### PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first 5 days of each month. |
| 2 | **Standard Condition #6**: The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment. |

**Supporting Evidence**: On February 13, 2013, the undersigned officer directed Mr. Goodwin to report to the U.S. Probation Office, as he failed to report for his urinalysis test on February 12, 2013, and he failed to submit his written monthly report within the first 5 days of February.

Mr. Goodwin reported on February 14, 2013, and submitted his written monthly report. The offender reported his address at 2524 North Hamilton in Spokane, Washington. On February 20, 2013, the undersigned officer attempted to make contact with Mr. Goodwin at his listed address. The person who answered the door stated the Mr. Goodwin no longer lived at the residence, and he had not lived there for a few weeks. He stated that he received the

Prob12C
**Re: Goodwin, Stephan Alexander**
**February 26, 2013**
**Page 2**

business cards that were left on the door, and he had intended to call me to inform me that Mr. Goodwin does not reside at the residence. He explained that Mr. Goodwin does come by on the weekend to get the children, but that he lives somewhere on Rowan Avenue.

Mr. Goodwin did not submit a written monthly report that was truthful, and he did not notify the probation officer at least 10 days prior to his change in residence. Contacts via telephone to Mr. Goodwin have gone unreturned as of the date of this report. Mr. Goodwin's whereabouts are unknown to the U.S. Probation Office.

3    **Special Condition #19**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Goodwin has failed to abstain from the use of illegal controlled substances. On December 21, 2012, the undersigned officer took a urine sample submitted by Mr. Goodwin that field tested positive for marijuana. Mr. Goodwin admitted to using marijuana on December 20, 2012.

4    **Special Condition #14**: The defendant shall participate as instructed by the U.S. Probation Office in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer.

**Supporting Evidence**: Mr. Goodwin was referred for a chemical dependency assessment on December 21, 2012. Mr. Goodwin reported for his assessment, where it was recommended he enroll in relapse prevention classes. As of the date of this report, Mr. Goodwin failed to enroll in relapse prevention classes at Adult and Adolescent Outpatient Treatment Services as directed by the undersigned officer.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

Prob12C
Re:  Goodwin, Stephan Alexander
February 26, 2013
Page 3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 02/26/2013

s/Patrick J. Dennis

Patrick J Dennis
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

*Edward F. Shea*
Signature of Judicial Officer

*February 27, 2013*
Date